UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN R. WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 18-1003 |
| LYNDA VAN DAVIS ET AL. | SECTION "A" (2) |

## REPORT AND RECOMMENDATION

Plaintiff, Steven R. Williams, is a prisoner currently incarcerated in the Louisiana State Penitentiary ("Angola") in Angola, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against former Orleans Parish Criminal District Judge Lynda Van Davis and his former defense counsel, Jason Roger Williams. Record Doc. No. 3 (Amended Complaint). In summary, plaintiff asserts the following:

(1) Judge Van Davis and defense counsel Williams acted "as if they did not know what [was] going on" when he was indicted under Orleans Parish Criminal District Court Division "B" Case No. 444-752, which was not timely prosecuted and "was dismissed" by the District Attorney's office. Id. at p. 4 (Section IV).

(2) Judge Van Davis is "hiding the DA [Office's] first indictment in Case No. 439-481," which is still pending in a different section of the Orleans Parish Criminal Court. Id.; p. 6, ¶ A.

(3) Judge Van Davis and defense counsel Williams did not proceed under pending Case No. 439-481, which was transferred to Judge Van Davis's section but proceeded instead under the "nonexistent" Case No. 444-752, which was dismissed by the District Attorney's office. Id. at p. 7, ¶ B.

(4) In April 2005, over a year after Case No. 444-752 was dismissed on February 10, 2004, he was "taken to a mock (fake) trial and voidly convicted" and sentenced to life imprisonment in the non-existent Case No. 444-752. Id., ¶¶ C and H.

Plaintiff seeks an injunction, copies of the transcripts from a status hearing conducted on February 10, 2004, concerning Case No. 444-752, and that the District Attorney's office "show

from [the] transcripts or court minute entry where Case No. 439-481 was dismissed by the D.A.['s] office." Id. at p. 5, ¶ V.

## ANALYSIS

I.  STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless of whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Such complaints by prisoners and by others proceeding in forma pauperis must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted or seek monetary relief from a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th

Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992).

In this case, plaintiff's Section 1983 complaint must be dismissed either as legally frivolous, for failure to state a claim or because it seeks relief from one defendant who is immune and another who is not a state actor under Section 1983, or under Heck.

## II.  JUDICIAL IMMUNITY

Plaintiff's written submissions challenge the actions of the defendant judge for her role in his conviction in Orleans Parish Criminal Court Case No. 444-752, which he alleges was "dismissed" by the district attorney's office. Plaintiff's claims against the judge are barred by judicial immunity.

For more than one hundred years, judges have been held immune from liability for judicial acts done within their jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (citing Bradley v. Fisher, 80 U.S. 335 (1871)); Mays v. Sudderth, 97 F.3d 107, 110 (5th Cir. 1996). "A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any acts performed in [his or her] judicial role." Ammons v. Baldwin, 705 F.2d 1445, 1447 (5th Cir. 1983) (citations omitted); accord Mays, 97 F.3d at 110-11. This judicial immunity applies even if a judge is accused of acting maliciously or corruptly. Stump, 435 U.S. at 356-57; Pierson v. Ray, 386 U.S. 547, 554 (1967), overruled in part on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), as recognized by Hill v. Shelander, 992 F.2d 714, 716 (7th Cir. 1993); Mays, 97 F.3d at 110-11.

In the past, judicial officers did not enjoy absolute immunity from suits seeking injunctive relief. Relief of that nature was available under Section 1983 against state court judges acting in their judicial capacity. Pulliam v. Allen, 466 U.S. 522, 541-42 (1984). However, the Federal Courts Improvement Act of 1996 ("FCIA") amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983.

The FCIA therefore statutorily overruled Pulliam's holding regarding the availability of injunctive relief against a judge in his official capacity. Guerin v. Higgins, No. 00-0244, 2001 WL 363486, at *1 (2d Cir. April 11, 2001); Nollet v. Justices, 83 F. Supp. 2d 204, 210 (D. Mass. 2000); see also Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (1996 amendment to Section 1983 limits the relief available against a federal judge to declaratory relief). Thus, neither injunctive relief nor damages are available in this Section 1983 action against the judge who is a defendant in this case. Tesmer v. Granholm, 114 F. Supp. 2d 603, 618 (E.D. Mich. 2000); Nollet, 83 F. Supp. 2d at 210.

In addition, to whatever extent, if any, that Williams seeks an order of this court directing the judge currently presiding over Orleans Parish Criminal Court Section "B" to take action concerning plaintiff's state criminal charges, a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought. In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001); Santee v. Quinlan, C.A. No. 96-3417, Record Doc. Nos. 3, 7, 8 (Nov. 5 & 27, 1996) (Duval, J.), aff'd, 115 F.3d 355, 356-57 (5th Cir. 1997); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Moye v. Clerk, 474 F.2d

1275, 1276 (5th Cir. 1973); Lamar v. 118th Jud. Dist. Ct., 440 F.2d 383, 384 (5th Cir. 1971); White v. Stricklin, No. 3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D. Tex. May 23, 2002); Norman v. La. S. Ct., No. 01-2225, 2001 WL 881298, at *1 (E.D. La. Aug. 3, 2001) (Duval, J.). This court is without authority to order officials of the state court having jurisdiction over criminal charges against plaintiff to treat him in any particular way or to otherwise interfere with the orders of its judges.

The actions taken by the judge who is the defendant in this case were also within the scope of her role as a judicial officer and therefore within her jurisdiction. Consequently, the doctrine of absolute judicial immunity bars Williams's suit against this judge. Plaintiff's complaint against the judge must be dismissed because this defendant is immune. 28 U.S.C. §§ 1915(e)(2)(iii) and 1915A(b)(2).

### III.  DEFENDANT WILLIAMS IS NOT A STATE ACTOR

Defendant Williams, sued in this action under Section 1983, is an attorney who represented plaintiff in his state court criminal proceedings.

To be successful under Section 1983, a plaintiff must establish that a defendant has acted under color of state law in violating his rights. Daniels v. Williams, 474 U.S. 327 (1986). To state a claim under Section 1983, a plaintiff must show (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law. James v. Tex. Collin Cty., 535 F.3d 365, 373 (5th Cir. 2008); Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); Miss. Women's Med. Clinic v. McMillan, 866 F.2d 788, 791 (5th Cir. 1989). Thus, plaintiff must show that defendant Williams's actions are "fairly attributable to the state." West v. Atkins, 487 U.S. 42, 49 (1988); accord Johnson ex rel. Wilson v. Dowd, 305

F. App'x 221, 224 (5th Cir. 2008); Cornish v. Corr. Servs. Corp., 402 F.3d 545, 549 (5th Cir. 2005).

The law is clear that under no circumstances can this defendant, the private defense attorney who represented plaintiff in the state court criminal proceedings, be considered a state actor for Section 1983 purposes as a matter of law.  Uresti v. Reyes, 506 F. App'x 328, 329 (5th Cir. 2013) (citing Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996)) (citing Mills v. Crim. Dist. Ct. No. 3, 837 F.2d 677, 679 (5th Cir. 1988) ("private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section1983"))).  Plaintiff's Section 1983 claims against this defendant have no basis in federal law because defendant Williams is not a state actor.  Accordingly, plaintiff's Section 1983 claims against defendant Williams must be dismissed because plaintiff has failed to state a cognizable claim against him.

## IV.     HECK BARS PLAINTIFF'S SECTION 1983 CLAIMS

While the judge is immune from the injunctive relief sought and defendant Williams is not a state actor as defined by Section 1983, plaintiff's claims are also subject to dismissal with prejudice as legally frivolous or for failure to state a claim for which relief can be granted under Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations that attacks the validity of state confinement, which has not been reversed, expunged, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under Section 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 486-87 (emphasis in original) (footnote omitted). Although the Supreme Court's decision in <u>Heck</u> concerned a civil action for monetary damages, the United States Court of Appeals for the Fifth Circuit has also applied <u>Heck</u> in cases in which the plaintiff seeks injunctive relief. <u>Clarke v. Stalder</u>, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (citing <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S. Ct. 1584 (1997)).

Williams's claims are clearly connected to the validity of his present confinement. <u>Heck</u>, 512 U.S. at 479 (Convicted prisoner's Section 1983 action for damages barred because it challenged the conduct of state officials who allegedly "'had engaged in an 'unlawful, unreasonable, and arbitrary investigation' leading to petitioner's arrest; 'knowingly destroyed' evidence 'which was exculpatory in nature and could have proved [petitioner's] innocence'; and caused 'an illegal and unlawful voice identification procedure' to be used at petitioner's trial."); <u>Ruiz v. Hofbauer</u>, 325 F. App'x 427, 431 (6th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 413 (2009) (Section 1983 claims were barred when convicted inmate alleged that defendants violated his civil rights "to maliciously prosecute plaintiff by tampering with '<u>Brady</u> exculpatory evidence' and using the prosecutor's office and Michigan State Police to take that evidence and withhold

- 7 -

it from plaintiff [sic] during the course of the malicious prosecution."); White v. Fox, 294 F. App'x 955, 958 (5th Cir. 2008) ("If we were to find that prison officials altered and destroyed evidence relevant to the [disciplinary] charges against White, that judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges."); Newsome v. Tex. Bd. of Pardon & Parole, 124 F. App'x 256, 256-57 (5th Cir. 2005) (plaintiff brought his claims under Section 1983, and because success in the Section 1983 action would necessarily imply the invalidity of his continued confinement, claims were barred by Heck).

Williams's complaint indicates that he was convicted in 2005 of second degree murder, conspiracy to commit second degree murder and aggravated battery, and that at the time of filing this complaint, he remained in custody at Angola pursuant to his conviction on the charges about which he complains in this case. Complaint (Record Doc. No. 3 at p. 18). His conviction has not been set aside in any of the ways enumerated in Heck. See State v. Williams, 992 So.2d 1033 (La. 2008) (writ of certiorari for review of Case No. 444-752 denied). Thus, any claims for relief that plaintiff asserts, challenging his conviction and confinement, whether for injunctive relief or for damages, are barred by Heck. The dismissal of plaintiff's Section 1983 claims is with prejudice to their being asserted again until the Heck conditions are met, Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

V.   HABEAS CORPUS CLAIM

As noted above, Williams's complaint in part challenges the very fact of his confinement in connection with his conviction. Although his complaint is styled as a civil rights action and was filed on "A Complaint Under the Civil Rights Act, 42 U.S.C. § 1983" form, he clearly challenges the validity of his present confinement and states that he is being fraudulently held.

His Section 1983 complaint is not the proper action in which to assert these habeas corpus claims.

A prisoner who challenges the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under Section 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir.), reh'g en banc granted & opin. vacated,133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds & opin. reinstated in relevant part, 154 F.3d 186, 187 (5 Cir. 1998) (en banc); Caldwell v. Line, 679 F.2d 494, 496 (5th Cir. 1982). Thus, although Williams filed his complaint on a form reserved for Section 1983 complaints, his claims invoke habeas corpus type relief because he challenges the fact of his conviction and confinement. Clarke, 121 F.3d at 226; Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986).

This court's records reveal that Williams filed two previous petitions for writ of habeas corpus in this court concerning his 2005 conviction in Case No. 444-752. One case, C.A. 14-1451 "E"(1), was dismissed voluntarily on June 27, 2014. Record Doc. No. 4. In the other case, C.A. 14-1517 "E"(1), the Magistrate Judge's report and recommendation states the following:

> On April 12, 2005, [Williams] was convicted in Orleans Parish Criminal District Court of second degree murder, conspiracy to commit second degree murder, and aggravated battery. On August 26, 2005, he was sentenced as follows: life imprisonment without benefit of probation, parole, or suspension of sentence on the second degree murder conviction; thirty years without benefit of probation, parole, or suspension of sentence on the conspiracy conviction; and ten years on the aggravated battery conviction. It was ordered that the sentences be served concurrently. On that same date, he was then also found to be a second offender and resentenced as such on the conspiracy conviction to a concurrent term of

>forty years imprisonment without benefit of probation, parole, or suspension of sentence. On January 23, 2008, the Louisiana Fourth Circuit Court of Appeal affirmed those convictions and sentences. The Louisiana Supreme Court then denied petitioner's related writ application on October 24, 2008.

C.A. 14-1517 "E"(1), Record Doc. No. 31 at pp. 1-2. Williams' federal habeas corpus petition was dismissed with prejudice as untimely on June 27, 2015. Record Doc. Nos. 39-40. On March 31, 2016, the Fifth Circuit denied Williams's motion for a Certificate of Appealability to appeal the district court's dismissal of his habeas petition. Record Doc. No. 49.

Thus, to the extent that Williams seeks habeas corpus relief in this case concerning his state court conviction or sentence, he presents this court with a prohibited second or successive habeas corpus application. 28 U.S.C. § 2244(b)(1) and (b)(3)(A) provide:

>(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application <u>shall be dismissed</u>.
>(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. (Emphasis added).

Williams has failed to obtain the required order from the Fifth Circuit authorizing this court to consider his renewed habeas corpus petition. Accordingly, it must be dismissed.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**, either as legally frivolous, for failure to state a claim or on immunity grounds under 28 U.S.C. § 1915(e)(2), or under <u>Heck</u>.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days

- 10 -

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this __8th__ day of March, 2018.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.